IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF GE COMMERCIAL MORTGAGE CORPORATION, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C1, by and through TORCHLIGHT LOAN SERVICES, LLC, in its capacity as special servicer, | ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-10048 |
| JKM MUNDELEIN LLC, a/k/a JKM MUNDELEIN, INC., etc., et al., | ) ) ) ) | Hon. John Robert Blakey |
| Defendants. | ) | |

**RULE 12(c) MOTION OF CROSS-DEFENDANTS JKM MUNDELEIN LLC, WBK FINANCIAL LIMITED PARTNERSHIP AND JOEL K. MANN FOR A JUDGMENT ON THE PLEADINGS WITH RESPECT TO CHICAGO TITLE INSURANCE COMPANY'S COUNTER-CLAIM FOR <u>DECLARATORY RELIEF AND TO FORECLOSE MORTGAGE</u>**

Cross-defendants JKM Mundelein LLC, WBK Financial Limited Partnership and Joel K. Mann (collectively, "Cross-Defendants") respectfully move this Court to enter a judgment on the pleadings in their favor pursuant to Fed. R. Civ. P 12(c) with respect to Chicago Title Insurance Company's Counter-Claim for Declaratory Relief and to Foreclose Mortgage.[1] In support of their Motion, Cross-Defendants state:

Plaintiff U.S. Bank and cross-plaintiff Chicago Title claim mortgage liens against the same real property. In its Third Amended Complaint that it filed in state court, Chicago Title

---

[1] Although Chicago Title cross-claims against Cross-Defendants, it labelled its pleading against them a "counter-claim" because it seeks relief from plaintiff U.S. Bank in the same pleading. So Cross-Defendants will refer to Chicago Title's pleading by using the name Chicago Title gave it.

sought to foreclose its mortgage and made several tort and breach of contract claims against Cross-Defendants. After considerable litigation, Chicago Title and Cross-Defendants agreed to a monetary judgment against Cross-Defendants on all of Chicago Title's claims but for its mortgage foreclosure and equitable subordination claims. On the eve of trial, Chicago Title voluntarily dismissed its remaining claims. It then refiled, in its Counter-Claim in this case, the exact same mortgage foreclosure and equitable subordination claims it made and then dismissed in state court.

The sole issue presented by this Rule 12(c) Motion is whether the doctrine of claim preclusion, also known as res judicata, bars Chicago Title's Counter-Claim. For the reasons that follow, this Court should grant Cross-Defendants' Motion.

**BACKGROUND**

**I.     Chicago Title's State Court Proceeding**

1.     In 2007, Chicago Title filed an action (Case No. 07 CH 1715) in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois against Cross-Defendants, U.S. Bank's predecessor in interest (Mortgage Electronic Registration Systems ("MERS")) and others.

2.     In its 2010 Third Amended Complaint in that case (a copy of which, less exhibits, is attached as Exhibit A), Chicago Title: (a) sought to foreclose a mortgage it acquired from Wells Fargo Bank; (b) sought equitable subordination to and foreclosure of a mortgage that predated Chicago Title's mortgage for the purpose of obtaining priority over U.S. Bank's mortgage lien; and (c) made several claims against Defendants seeking monetary relief.[2]

3.     After two and a half more years of litigation, Cross-Defendants agreed with Chicago Title to the entry of an Agreed Order (*see* Exhibit B) that disposed of all of Chicago

---

[2] Under Fed. R. Evid. 201, this Court may take judicial notice of the attached pleadings filed and orders entered in the state court litigation.

Title's claims against the Cross-Defendants except for Chicago Title's mortgage foreclosure and equitable subordination claims.

4. Chicago Title then asked for, and obtained, a certification under Illinois Supreme Court Rule 304 that the Agreed Order was immediately appealable even though the state court case was still ongoing at that time. (*See* Exhibit C.) Nobody appealed so the Agreed Order became final.

5. Next, MERS moved for the summary judgment against Chicago Title with respect to Chicago Title's foreclosure related counts. In response to that motion, the state court held that MERS' mortgage lien was superior to any mortgage or other lien claimed by Chicago Title. (*See* Exhibit D.)

6. Chicago Title's remaining claims, its mortgage foreclosure action and its equitable subordination claims against Cross-Defendants and others, were set for a bench trial to start on December 15, 2013.

7. On the eve of trial, Chicago Title filed a motion for a voluntary dismissal of the rest of its case pursuant to 735 ILCS 5/2-1009(a). (*See* Exhibit E.) The state court granted that motion on December 12, 2014. (*See* Exhibit F.) No one appealed from that order so it became a final order and thus ended Chicago Title's state court case.

**II. Chicago Title's "Counter-Claim" in this Case**

8. Three days after Chicago Title dismissed its state court proceeding, U.S. Bank filed its mortgage foreclosure action in this Court. It named Chicago Title, JKM Mundelein LLC, WBK Financial Limited Partnership and others as defendants.

9. Chicago Title answered U.S. Bank's complaint and filed its Counter-Claim (*see* Exhibit G - the Counter-Claim less exhibits) in which it cross-claimed against Cross-Defendants

and others to foreclose the exact same mortgage that it sought to foreclose in its state court case. (*Compare* Counter-Claim, Count I-II *with* Third Amended Complaint, Counts I-II.)

10. Paragraphs 1 through 63 of Chicago Title's Counter-Claim are similar to paragraphs 2 through 64 of its Third Amended Complaint. (*Id*.) In fact, a large number of these paragraphs are identical or virtually identical. (*Id*.) The only substantive difference between Chicago Title's Counter-Claim here and its Third Amended Complaint is that Chicago Title sued MERS, US Bank's predecessor in interest, in state court while it sued U.S. Bank in this case. (*Id*.)

11. Cross-Defendants answered Chicago Title's Counter-Claim and raised three affirmative defenses, including the defense that Chicago Title's mortgage foreclosure action is precluded by its state court litigation. In addition, Cross-Defendants file this Rule 12(c) motion for a judgment on the pleadings with respect to Cross-Defendants' claim preclusion defense.

## ARGUMENT

12. The sole issue presented by this motion for a judgment on the pleadings is whether claim preclusion – also known as res judicata – bars Chicago Title's Counter-Claim.

    **A.    Standards for Rule 12(c) motion**

13. Claim preclusion (res judicata) is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Cross-Defendants therefore answered Chicago Title's Counter-Claim and raised claim preclusion as an affirmative defense. (*See* Cross-Defendants' Answer, First Affirmative Defense.)

14. A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, like this motion, is the proper vehicle for raising claim preclusion. *See Carr v. Tillery*, 591 F.3d 909, 912-913 (7th

Cir. 2010) ("[s]ince res judicata is an affirmative defense, the [party asserting the defense] should raise it and then move for judgment on the pleadings under Rule 12(c)").

15. The time to make a Rule 12(c) motion is "after the pleadings are closed – but early enough not to delay to trial." The pleadings with respect to Chicago Title's Counter-Claim have just closed. Hence, Cross-Defendants' motion is timely.

16. Trial courts review a Rule 12(c) motion "by employing the same standard that [is applied] when reviewing a motion to dismiss under Rule 12(b)(6)." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). So this Court must take "all-well pled allegations as true and draw all reasonable inferences" in Chicago Title's favor and must grant Cross-Defendants' motion "only if it appears beyond a reasonable doubt" that Chicago Title "cannot prove any facts that would support [its] claim from relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012), *quoting Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004). For the reasons that follow, Cross-Defendants' Rule 12(c) motion meets these standards.

**B. Illinois Law Governs the Preclusive Effect of Illinois Court Judgments**

17. The orders at issue here (the 2013 Agreed Order disposing of all of Chicago Title's monetary claims and the 2014 Order dismissing the balance of the case) were entered by an Illinois state court. (*See* Exhibits B and F.) So Illinois law determines the preclusive effect of those orders. *Durgins v. City of E. St. Louis*, 272 F.3d 841, 844 (7th Cir. 2001); *see also* 26 U.S.C. § 1738 and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (a "United States District Court has no authority to review final judgments of a state court in judicial proceedings").

### C. The Illinois Law Doctrine of Claim Preclusion bars Chicago Title's Counter-Claim

18. Under Illinois law, claim preclusion prohibits litigants from relitigating claims that were or could have been litigated in an earlier proceeding. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (applying Illinois law).

19. An aspect of the Illinois law of preclusion is the rule against claim splitting, which prohibits plaintiffs generally from suing for a part of a claim in one action and then suing for the remainder in another action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 340, 665 N.E.2d 1199, 1207 (1996). "This rule is founded on the premise that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of lawsuits." *Id.*

20. Under this rule, a party cannot obtain a final judgment on part of its case, voluntarily dismiss the rest of its case and then later refile the same claims it voluntarily dismissed. *Rein*, 172 Ill. 2d at 340, 665 N.E.2d at 1207; *Hudson v. City of Chicago*, 228 Ill. 2d 462, 473, 889 N.E.2d 210, 217 (2008) ("*Rein* . . . stands for the proposition that a plaintiff who splits his claims by voluntarily dismissing and refiling *part* of an action after a final judgment has been entered on *another part* of the case subjects himself to a *res judicata* defense." (Emphasis original))

21. As *Hudson* states, "[I]f an attorney is considering taking a voluntary dismissal after a final judgment has been entered on part of the case, he can seek the defendant's acquiescence in the refiling. If the defendant is unwilling to do so, then the attorney will know that he proceeds at his peril." *Hudson*, 228 Ill. 2d at 479, 889 N.E.2d at 220.

22. Both *Hudson* and *Rein* reject the notion that Illinois law (735 ILCS 5/2-1009 and 5/13-217) gives a party an automatic right to refile a voluntarily dismissed claim within one year of the voluntary dismissal regardless of the common law doctrine of res judicata. "We do not

believe that these sections should be read to automatically immunize a plaintiff against the bar of res judicata or other legitimate defenses a defendant may assert in response to the refiling of voluntarily dismissed counts." *Hudson*, 228 at 482, 889 N.E. 2d at 222 (citing *Rein*, 172 Ill. 2d at 342-43, 665 N.E.2d at 1199.)

23. *Rein* notes that there are six exceptions to the rule against claim splitting. *Rein*, 172 Ill. 2d at 341, 665 N.E.2d at 1199. That rule may not apply when: (1) the parties agree in terms or in effect that the plaintiff may split his claim or the defendant so acquiesces; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason. *Id*.

24. Not one of these exceptions applies here. Nobody agreed by word or by deed that Chicago Title could split its claim or acquiesced in any claim splitting.

25. The state court's December 13, 2014 Order did not expressly reserve Chicago Title's right to maintain a second foreclosure action. Instead, that Order said nothing at all about Chicago Title's right to refile. And, at the earliest time they could object to Chicago Title's attempt to split its claim, both plaintiff and Cross-Defendants objected and filed motions in this Court to dismiss the Counter-Claim or to enter a judgment on the pleadings with respect to it.

26. There was no subject-matter jurisdiction impediment to Chicago Title's ability to obtain relief on its entire claim in state court. That explains why no party ever raised any such impediment as a defense to Chicago Title's state court action.

27. The December 13, 2014 Order was not plainly inconsistent with the equitable enforcement of any statutory scheme. Rather, that Order was plainly consistent with the applicable law. *See* 735 ILCS 5/2-1009(a) and *see generally* the Illinois Mortgage Foreclosure Act [735 ILCS 5/15-1101 – 15/15-1706].

28. The 2013 Agreed Order disposed of all of Chicago Title's monetary claims. Therefore, this case does not involve a continuing or recurrent wrong.

29. Finally, Chicago Title cannot clearly and convincingly show that the policies favoring preclusion here are overcome for any extraordinary reason, or any other reason for that matter.

30. Accordingly, *Rein* and *Hudson* apply. They bar Chicago Title from refiling in this Court, in any court for that matter, that portion of its state court case that it voluntarily dismissed.

31. This Court, therefore, should grant Cross-Defendants' Rule 12(c) Motion for a judgment on the pleadings in their favor as against Chicago Title.

WHEREFORE, Cross-Defendants JKM Mundelein LLC, WBK Financial Limited Partnership and Joel K. Mann pray that this Court enter an order: (1) granting their Fed. R. Civ. P 12(c) motion for a judgment on the pleadings with respect to Chicago Title's Counter-Claim; (2) granting them a judgment on the pleadings as against Chicago Title; and (3) granting them such other relief as may be appropriate.

Dated:  March 20, 2015         Respectfully submitted,

                                      JKM MUNDELEIN LLC,
                                      WBK FINANCIAL LIMITED PARTNERSHIP,
                                      and JOEL K. MANN

                                      By:  s/ Eric A. Oesterle
                                          Their attorney

Eric A. Oesterle (ARDC #2092433)
MILLER SHAKMAN & BEEM LLP
180 N. LaSalle St., Suite 3600
Chicago, IL 60601
Telephone:  (312) 263-3700
Fax:  (312) 263-3270
eoesterle@millershakman.com

# CERTIFICATE OF SERVICE

   The undersigned attorney, upon oath, hereby certifies that on March 20, 2015 the foregoing Rule 12(c) Motion of Cross-Defendants JKM Mundelein LLC, WBK Financial Limited Partnership and Joel K. Mann for a Judgment on the Pleadings with Respect to Chicago Title Insurance Company's Counter-Claim for Declaratory Relief and to Foreclose Mortgage was filed and served upon those parties who are e-filers via the Court's ECF system, and he caused a copy to be served via U.S. mail upon the following:

| | |
|---|---|
| Bond Drug Company of Illinois, LLC | Mundelein Meadows Ownership Association |
| c/o IL Corporation Service Company | c/o Mathew L. Moodhe, Registered Agent |
| 801 Adlai Stevenson Cr. | 750 Lake Cook Rd., Suite 350 |
| Springfield, IL 62703 | Buffalo Grove, IL 60089 |

Dated: March 20, 2015                s/ Eric A. Oesterle
                                     Eric A. Oesterle