UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, et al., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| JKM MUNDELEIN LLC, et al., | )<br>) |
| Defendants. | )    Case No. 14 C 10048 |
| CHICAGO TITLE INSURANCE CO., | )<br>) |
| Counter-Plaintiff, | )    Judge John Robert Blakey |
| v. | )<br>) |
| U.S. BANK, NATIONAL ASSOCIATION, et al., | )<br>)<br>) |
| Counter-Defendant. | )<br>) |
| CHICAGO TITLE INSURANCE CO., | )<br>) |
| Cross-Plaintiff, | )<br>) |
| v. | )<br>) |
| JKM MUNDELEIN LLC, et al., | )<br>) |
| Cross-Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Before the Court are the motion to dismiss filed by plaintiff and counterclaim defendant U.S. Bank, National Association [29] and the motion for judgment on the

pleadings filed by cross-claim defendants Joel K. Mann, JKM Mundelein LLC ("JKM") and WBK Financial Limited Partnership ("WBK"), collectively, the "JKM Entities." [44]. Both motions concern Chicago Title's responsive pleading, a combined counterclaim and cross-claim [19]. Both motions are granted.

Background & Procedural History

At the center of the controversy is a piece of real property located in Mundelein, Illinois that operated as a Walgreen's drugstore. The litigation involves the various mortgages and encumbrances that were placed on the property by Mann, JKM and WBK and the conflicting assertions of rights of the various purported mortgage holders.

In 1999, Mann agreed to purchase the property; the deal closed on February 23, 2000. At closing, title to the property was deeded to American National Bank and Trust Company as Trustee of Trust No. 12561106 (the "Land Trust").[1] That same day, the Trustee executed and delivered to Bank of America ("BofA") a mortgage encumbering the property; the mortgage was recorded on February 23, 2000. The debt secured by the BofA mortgage was refinanced in 2001 with a loan from Wells Fargo, which was intended to be fully secured with a first priority mortgage lien but was not (for reasons that are complicated but presently not relevant).

---

[1] The beneficiaries of the Land Trust were identified in the 2000 BofA mortgage as WBK, Henry Mann as Trustee of the Henry Mann 1994 Trust, and Henry Mann and Santa Barbara Bank & Trust, as Co-Trustees of Trust "A" established under the Will of Gertrude K. Mann, deceased. The taxpayer identified on the deed conveying the property into the Land Trust was WBK c/o Joel Mann.

Mann formed JKM in December 2006. In January 2007, he caused the Land Trustee to transfer title to the property to JKM. He did so purportedly as the sole partner of WBK and the sole beneficiary of the Land Trust. Also in January 2007, JKM borrowed $2.15 million from BofA; as security for the loan, JKM executed and delivered a second mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for BofA. Also in January 2007, Mann allowed the Wells Fargo loan to go into default. After the default, the holder of the mortgage made a claim on a policy of title insurance issued by Chicago Title and, ultimately, Chicago Title purchased all of the holder's rights in the Wells Fargo loan.

Before this lawsuit was filed, Chicago Title filed an action in Lake County Circuit Court seeking a judgment of foreclosure based upon the Wells Fargo mortgage (the rights to which Chicago Title acquired when it bought out Wells Fargo's claims under the title insurance policy, after Mann threatened to pursue a claim that the Wells Fargo mortgage was invalid).

In the Lake County Circuit Court action, *Chicago Title Insurance Company v. Joel K. Mann, et al.*, Case No. 07 CH 1715, Chicago Title sued the JKM Entities, along with Bond Drug Company of Illinois and MERS. The parties reached a settlement and executed a written settlement agreement. Thereafter, and consistent with the terms of the settlement agreement, on February 4, 2013, the Lake County Circuit Court entered an agreed judgment order against the JKM Entities in the amount of $2.5 million. Also consistent with the settlement agreement, Chicago Title proceeded on a path toward trial with respect to its claims

against MERS. MERS filed a motion seeking full summary judgment and, in the alternative, partial summary judgment. On September 3, 2014, the court granted the latter, finding that "the MERS mortgage security interest has priority to any Chicago Title liens." *See* September 3, 2014 Order, Exhibit C to U.S. Bank's brief in support of its motion to dismiss [30]. In December 2014, Chicago Title moved to voluntarily dismiss the remainder of the case, and the case was dismissed without prejudice on December 12, 2014. *See* Cross-defendants' Rule 12(c) motion for judgment on the pleadings [44-1], Exhibits E, F, pp. 51-52, 54. U.S. Bank filed its complaint in this action three days later, on December 15, 2014 [1].

Several of the pleadings from the Lake County Circuit Court action, captioned *Chicago Title Insurance Company v. Joel K. Mann, et al.*, Case No. 07 CH 1715, are before the Court, filed in connection with the pending motions. The Court has before it Chicago Title's Third Amended Complaint, several motions and orders, including the order entered on MERS' motion for summary judgment and the ultimate dismissal order; the Court also has the Rule 2.04 Statement MERS filed in that action, which attaches as an exhibit the parties' settlement agreement. The order relating to MERS' priority, entered September 3, 2014, is a state court order handwritten by counsel; it provides, in its entirety:

> This case coming on [MERS'] motion 1) for full summary judgment and 2) partial summary judgment with the court considering the pleadings, briefs and arguments and being fully advised in the premises
> IT IS ORDERED
> 1) the motion for full summary judgment is DENIED
> 2) the motion for partial summary judgment is granted and the MERS mortgage security interest has priority to any Chicago Title liens.

4

*Chicago Title v. Mann, et al.,* No. 07 CH 1715 (Lake County Circuit Court, Sept. 3, 2014)(attached as Exhibit C to U.S. Bank's motion to dismiss [30-3]). The February 4, 2013 agreed judgment order, entered as a result of the settlement reached by Chicago Title and the defendants in that suit, awarded $2.5 million to Chicago Title from the JKM Entities. Chicago Title sought and obtained a Rule 304(a) finding on the agreed judgment order (indicating that the order was final and appealable), but did not seek an appeal. The remainder of the case was scheduled to proceed to trial, but Chicago Title moved to voluntarily dismiss the remainder of the action just a few days before trial. The dismissal order, entered December 12, 2014, dismissed the action without prejudice and vacated the December 15, 2014 trial date. No part of the Lake County case has been appealed.

In this action, U.S. Bank seeks to foreclose on the BofA mortgage; it has named as defendants the JKM Entities, Bond, and Chicago Title (among others). In response to U.S. Bank's complaint, Chicago Title filed a combined counterclaim against U.S. Bank and cross-claim against the JKM Entities, Bond and the other defendants U.S. Bank named. Both U.S. Bank and the JKM Entities have filed dispositive motions on Chicago Title's pleading. U.S. Bank has moved to dismiss [29], arguing that Chicago Title's claims are barred by the doctrine of *res judicata*. The JKM Entities have moved for judgment on the pleadings [44], raising largely the same legal argument, with a slight twist. Both motions are predicated on the Lake County Circuit Court proceedings.

5

A. Procedural Appropriateness of the Motions

Initially, the Court considers whether U.S. Bank's motion to dismiss is procedurally proper. *Res judicata* is not one of the affirmative defenses that Rule 12(b) permits to be made by motion; rather, *res judicata* is an affirmative defense which should be raised in a motion for judgment on the pleadings under Rule 12(c). *E.g., Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). Nonetheless, *res judicata* may provide grounds for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Sledge v. Bellwood School District 88*, No. 09-cv-4186, 2010 WL 1579920, at *3 (N.D. Ill. April 20, 2010)(citing *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008)). Where the facts establishing the defense are definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the Court may take judicial notice, the Court may dismiss based on *res judicata*. *Sledge*, 201 WL 1579920, at *3-4. *See also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

"Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773-774 (7th Cir. 2012)(citing *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008); Fed.R.Civ.P. 12(d)). "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id.* at 774.

6

U.S. Bank attached to its motion to dismiss all of the external material necessary to resolve this dispute. The material consists of pleadings and orders filed in the Lake County Circuit Court action. It is entirely appropriate for the Court to take judicial notice of such court documents. *Ennenga*, 677 F.3d at 774 (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

The JKM Entities' motion is also procedurally proper. Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The distinction between a motion to dismiss and a motion for judgment on the pleadings is largely inconsequential for present purposes because both are evaluated under the same standard: the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). A motion for judgment on the pleadings "should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Prestone*, (citing *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority*, 378 F.3d 595, 600 (7th Cir. 2004)). The motion is decided on the pleadings alone, which includes "the complaint, the answer, and any written instruments attached as exhibits." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). As above, the Court can also consider any facts of which it may properly

take judicial notice. *E.g., Moreno v. Napolitano,* No. 11 C 5452, 2014 WL 4814776, at *3 (N.D. Ill. Sept. 29, 2014).

The JKM Entities filed an answer to Chicago Title's cross-claim, raising *res judicata* as an affirmative defense. Answer [43], pp. 21-22. They attached documents from the Lake County action including Chicago Title's Third Amended Complaint, Exhibit A [43-1]; the Agreed Judgment Order entered in favor of Chicago Title and against the JKM Entities, Exhibit B [43-1], p. 36; the order finding MERS' security interest to have "priority" to any Chicago Title liens," Exhibit D [43-1], p. 47; Chicago Title's motion for voluntary dismissal of that action, Exhibit E [43-1], pp. 51-52; the Order entered on that motion, Exhibit F [43-1], p. 54; and the "Rule 2.04 Statement" [51]. As above, the Court finds that it may properly consider these documents and that both motions are procedurally proper.

B. *Res Judicata* and the Preclusive Effect of the Lake County Circuit Court Orders

U.S. Bank and the JKM Entities argue that Chicago Title is barred, under the doctrine of *res judicata,* from re-litigating issues and claims the parties already litigated in state court. Because the parties' arguments are slightly different, the Court considers each in turn.

1. U.S. Bank's Motion

U.S. Bank argues that the Lake County Circuit Court's order finding that MERS' mortgage interest had priority over Chicago Title's liens bars Chicago Title's claims in this action. *Res judicata* is a legal doctrine that prevents a party from litigating its dispute in one forum and then re-litigating the same dispute in

another forum, in search of a more favorable outcome. *Sledge*, 2010 1579920, at *3 (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). In applying the doctrine, federal courts look to state preclusion law to determine whether an earlier state court action bars a later federal court action. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); 28 U.S.C. § 1738.

Under Illinois *res judicata* principles (which everyone agrees apply here), "subsequent litigation is barred where three elements exist: '(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) [a new case presenting] the same cause of action, and (3) [involvement of] the same parties or their 'privies.'" *RBS Citizens, National Association v. Gammonley, et al.*, 12 C 8659, 2015 WL 1043676, at *5 (N.D. Ill. March 6, 2015)(quoting *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011); *Hudson v. City of Chicago*, 889 N.E.2d 210, 215 (Ill. 2008)). *See also In re Liquidation of Legion Indem. Corp.*, 870 N.E.2d 829, 834 (Ill. App. Ct. 2007). There is no dispute with respect to the second and third elements. The parties disagree, however, about whether there was a final judgment on the merits.

In its motion, U.S. Bank summarily asserts that the September 3, 2014 Lake County Order is "final" for purposes of *res judicata*. The sum total of its argument is:

> The first element of *res judicata* is clearly met in this case. There was a final judgment on the merits. The parties in the Lake County action fully briefed MERS Motion for Summary Judgment and a hearing was held. Chicago Title was permitted a full and fair opportunity to make its arguments before the trier of fact and was unsuccessful.

9

Memorandum in support of motion to dismiss [30], p. 8. In response, Chicago Title argues that the order was not a final, but interlocutory, and that it could refile this case "at any time within one year or within the applicable statute of limitations." Response [39], p. 7. At the April 27, 2015 motion hearing, moreover, Chicago Title argued that it was free to re-open the Lake County Circuit Court action at any time within two years of the date of the dismissal order, leaving it free to pursue its claim here. The Court rejects this argument.

Chicago Title's contention that a voluntary dismissal cannot have preclusive effect is incorrect. *E.g. 4901 Corp. v. Town of Cicero*, 220 F.3d 522, (7th Cir. 2000); *Bonnstetter v. City of Chicago*, No. 13 C 4834, 2014 WL 3687539, at *4 (N.D. Ill. July 14, 2014) (voluntary dismissal can have preclusive effect). There is no doubt that the parties and the court anticipated that the dismissal order would end the litigation, leaving nothing further but potentially an appeal (which Chicago Title never filed).

More importantly, even if Chicago Title is correct that it could potentially re-file the Lake County *case*, it still could not re-visit in such a case, the issue resolved in the September 3, 2014 Order – namely the priority of MERS' interest over Chicago Title's interest. That would be precluded under the doctrine of the law of the case, which provides that a ruling by the trial court that could have been challenged, but was not, is binding in later stages of the case. *Schering Corp. v. Illinois Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir. 1996); *Krautsack v. Anderson*, 861 N.E.2d 633, 642 (Ill. 2006).

Chicago Title thus is precluded from revisiting the issue of whether its lien has priority over MERS' mortgage security interest – in this Court as well as in the Lake County Circuit Court action. Viewed in its simplest terms, Chicago Title's claim here seeks a declaration that its mortgage lien is "prior and senior to the interest of all parties claiming an interest therein," Counterclaim/Cross-Claim [19], p. 18. In ruling on MERS' motion for partial summary judgment, the Lake County Circuit Court found just the opposite: it found that MERS' mortgage security interest has priority to any Chicago Title liens." Order [44-1], p. 47. Chicago Title did not appeal that ruling. It is now too late for Chicago Title to come into this Court and relitigate the exact same issue it litigated (and lost) in Lake County Circuit Court.

    2.    The JKM Entities' Motion

The JKM Entities, who seek judgment on the pleadings, also argue that *res judicata* bars Chicago Title's claims here. They emphasize that the agreed judgment order was final and appealable, and that Chicago Title did not appeal, giving the order preclusive effect. They also argue that allowing Chicago Title to proceed here would violate the rule against claim splitting.

"The rule against claim-splitting, which is an aspect of the law of preclusion, prohibits a plaintiff from suing for part of a claim in one action and then suing for the remainder in another action." *Brown v. City of Chicago*, 771 F.3d 413, 414-15 (7th Cir. 2014)(citing *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1206 (Ill. 1996); *Hudson v. City of Chicago*, 889 N.E.2d 210, 216 (Ill. 2008)). *Rein,* an Illinois

11

Supreme Court case cited by the JKM Entities and Chicago Title, instructs that "*res judicata* prohibits a party from later seeking relief on the basis of issues which might have been raised in the prior action [and] also prevents a litigant from splitting a single cause of action into more than one proceeding." 665 N.E.2d at 1206. *Rein* recognized several exceptions to the rule against claim splitting:

> the rule against claim-splitting does not apply to bar an independent claim of part of the same cause of action if: (1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason.

*Rein*, 172 Ill.2d at 341.

The JKM Entities argue that none of these exceptions applies. Chicago Title concedes that exceptions (2) through (6) are inapplicable, but argues that the first exception does apply. Chicago Title argues that issues of fact existed in the Lake County action as to whether the parties to the settlement intended their agreement to bar Chicago Title from pursuing its foreclosure claims in a separate action. It argues, in short, that the parties *did* agree to claim splitting, bringing the case within the first exception above. At the motion hearing, the JKM Entities disagreed that the parties had reached such an agreement. Having reviewed the settlement agreement, the Court agrees with the JKM Entities.

The settlement agreement provided that, if the JKM defendants failed to satisfy their obligations under the agreement: (1) Chicago Title was entitled to have the agreed judgment order entered (which it did), (2) no releases would be deemed to have been given, and (3) all of the claims and defenses between [Chicago Title] and [MERS] shall continue for determination by the Court without prejudice to any party's contentions, allegations, claims or defenses, including such as may arise from entry of judgment, if any." Settlement Agreement [51-2], ¶4 (attached as Exhibit 9 to MERS' Rule 2.04 Statement filed in the Lake County Circuit Court action on 1/9/14). Nothing in the agreement allowed Chicago Title to voluntarily dismiss its claims in Lake County and proceed with them here; rather, the agreement allowed Chicago Title to proceed with its claims in that lawsuit.

The record on summary judgment in the Lake County Circuit Court action – which makes clear that any issues of fact with respect to Chicago Title's election of remedies related to the remedies elected *in that lawsuit* – is consistent. What was contemplated was exactly what happened: if Chicago Title did not get paid in full, it could enter the agreed judgment against the JKM Entities and pursue its claims against MERS; it did so, but then voluntarily dismissed those claims shortly before trial. Nothing in the settlement agreement or in any of the orders entered by the Lake County Circuit Court indicates that the parties agreed to let Chicago Title pursue a separate mortgage foreclosure action. Under *Rein*, Chicago Title's cross-claim against the JKM Entities is barred, and the JKM Entities' motion for judgment on the pleadings [44] is granted.

13

## CONCLUSION

For these reasons, U.S. Bank's motion to dismiss Chicago Title's counterclaim/cross-claim [29] and the JKM Entities' motion for judgment on the pleadings as to Chicago Title's counterclaim/cross-claim [44] are granted.

Dated: May 12, 2015

Entered:

John Robert Blakey
United States District Judge
